# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**VICTOR ANDREW APODACA and**
**JOHN DOES,**

      **Plaintiffs,**

**v.**                                                                 **No. 18-cv-0108 MV/SMV**

**NEW MEXICO CORRECTIONS DEPARTMENT,**
**DAVID JABLONSKI, GEO GROUP, INC.,**
**DAVID BOWEN, FNU GONZALES, FNU VIGIL,**
**REGINA TRUJILLO, AMBERLY WARD,**
**FNU NEWTON, JOHN/JANE DOE, and**
**FNU BROCK,**

      **Defendants.**

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion for Appointment of Counsel, along with his Memorandum in Support and his Affidavit in Support [Doc. 11], filed on March 9, 2018.   Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action.   He reports that he has had other § 1983 cases dismissed, he is not trained in the law, has limited access to the law library, and "the paralegal" also has limited knowledge of the law.   [Doc. 11] at 1.

However, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989); *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016).   In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).   In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the

litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

Plaintiff argues, thoroughly, that these factors weigh in favor of requesting the voluntary assistance of an attorney. [Doc. 11]. The Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel. Moreover, thus far, Plaintiff has been ably presenting his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Appointment of Counsel [Doc. 11] is **DENIED** at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**